SPECTOR, Justice.
Appellants seek reversal of a judgment of conviction and sentence upon being found guilty of the crime of robbery by a jury. Paradoxically, the object of appellants’ felonious conduct was a tourist attraction in Marion County, Florida, known as “Six-Gun Territory”. The aforementioned paradox arises from the victim’s advertisements by which it invites prospective patrons to visit its simulation of a frontier town in the days of the legendary cowboys *459 and their equally legendary shoot-outs in the middle of the town’s lone street in front of either the bank or the saloon.
Almost as though following their victim’s own script, the appellants robbed the office of the “Six-Gun Territory” after tying up the lone watchman with adhesive tape and proceeding to cut their way into the office safe where the loot was kept in supposed safety from modern society’s counterpart of the highwaymen of the old west.
Appellants raise four points for reversal, three of which relate to the evidence adduced at the trial and its sufficiency. Our review of the testimony and consideration of the authorities cited by appellants in their brief leave us with the view that the evidence was properly adduced and was amply sufficient to sustain the jury’s verdict of guilty.
The remaining point on appeal is the contention of appellants that the trial court erred in failing to grant their motion for change of venue. The gist of appellants’ change of venue motion was that the news reports of the robbery of the tourist attraction, Six-Gun Territory, were particularly prejudicial inasmuch as tourism is a major industry in Marion County; and, therefore, the populace is especially sensitive to occurrences related to that industry. In the case at bar, of course, the robbery charged occurred at a major tourist attraction in the county.
Our consideration of the manner in which the news media reported the robbery gives us no particular cause for concern. On the contrary, it seems to us that the reportorial publicity surrounding the robbery was little more than the appellants should have expected in the event they completed their plans to stage a real robbery at the very scene where so many fictional robberies had been staged.
In Singer v. State, 109 So.2d 7 (Fla. 1959), the Supreme Court held that a ruling on a motion for change of venue in a criminal case is largely within the sound discretion of the judge presiding over the trial. To reverse a trial court’s ruling on such a motion, it is necessary for the appellant to demonstrate that the trial judge abused his discretion. Such a showing has not been made by the appellants here.
Affirmed.
CARROLL, DONALD K., Acting C. J., and WIGGINTON, J., concur.